GEIDEMAN, A MINOR, APPELLEE, *v.* CITY OF BAY VILLAGE, APPELLANT, ET AL.

[Cite as Geideman v. City of Bay Village, 7 Ohio St. 2d 79.]

(No. 39621—Decided June 29, 1966.)

Mr. *Victor M. Todia* and Mr. *William C. Todia,* for appellee.

Messrs. *Fletcher & Esber* and Mr. *Robert Fletcher,* for appellant.

BROWN, J. The city of Bay Village contends that Section 723.01, Revised Code, imposes no duty upon it to install guardrails, barriers or curbs between portions of highways primarily used for vehicular travel or parking and sidewalks adjacent thereto, and that the absence of such barriers under the circumstances of this case does not as a matter of law constitute a nuisance within the contemplation of that section.

In *Taylor* v. *City of Cincinnati,* 143 Ohio St. 426, 447, it is said: ''Municipalities, in the management and control of their streets and public grounds, act in a governmental capacity and hence are not liable in such connection unless liability is expressly imposed by statute. But in this state, even though municipalities are required by Section 3714, General Code (Section 723.01, Revised Code), to keep their streets open, in repair and free from nuisance, they are liable in damages for injury sustained only in consequence of their failure to use due care to keep them in a reasonably safe condition for public travel.''

The question thus presented is whether the failure on the part of the city to erect a curb or other barrier between the parking area and the sidewalk constituted such a failure.

Section 723.01, Revised Code, is in derogation of the common-law principle, that the state and its political subdivisions when in the exercise of governmental functions are immune from suit, and should be strictly construed. *Standard Fire Ins. Co.* v. *City of Fremont,* 164 Ohio St. 344.

In *Storen* v. *City of Chicago,* 373 Ill. 530, 27 N. E. 2d 53, wherein a seven-year-old girl was injured when a car rolled onto the sidewalk over an area in which curbing had not been constructed, the court said, at page 535: ''Sidewalks are intended for the use of pedestrians and the duty of a city is to build and maintain them in a reasonably safe condition for the pur-

pose for which they are intended. There was nothing defective in the construction of the sidewalk in question which was in any way dangerous for the purpose it was intended to serve. The defendant was not expected to anticipate unusual or extraordinary happenings."

The above-quoted language is apt here; there was a suitable sidewalk adjacent to a level parking area. One could have driven or walked over the area without danger of injury so long as due care was exercised by drivers and pedestrians for their own safety. Thus, there was no nuisance, and it is clear that a city should not be "* * * liable for injuries caused by motor vehicles merely because it may appear that its streets and curbs which are in no sense dangerous for careful use could possibly be made secure against peril by a more elaborate construction * * *." *Shipley* v. *City of Arroyo Grande*, 92 Cal. App. 2d 748, paragraph three of the syllabus, 208 P. 2d 51, 53. In such circumstances the city should not be charged with liability, where the accident results from a cause not reasonably to be expected. Annotation, 173 A. L. R. 626, at 628.

Cases are cited by the appellee in which the presence or absence of a barrier is material in the determination of whether an action will lie against the municipality under Section 723.01, Revised Code. It is observed that in all those cases an actionable defect such as a hole or obstruction was present in the street or walk or immediately adjacent thereto so as to render it not reasonably safe for vehicular or pedestrian traffic. No case is cited in which, in the absence of a defect, obstruction or excavation violating the statute, the need for barriers is discussed.

Since the street and sidewalk here were not defective in themselves but were reasonably suitable for normal use, the city has not violated Section 723.01, Revised Code, and is not liable to plaintiff for the damages sustained due to the operation of the vehicle by the other defendant.

The judgment of the Court of Appeals is, therefore, reversed, and final judgment is rendered for the appellant.

*Judgment reversed.*

Taft, C. J., Zimmerman and O'Neill, JJ., concur.
Matthias, Herbert and Schneider, JJ., dissent.

82

MATTHIAS, J., dissenting. I cannot agree with the majority, for I feel that it overlooks one important aspect of this case.

The city of Bay Village has, by ordinance No. 52-157, imposed the duty of angle-parking in the area where plaintiff was injured and has decreed that a violation of that duty constitutes a misdemeanor punishable by a fine not to exceed $50. Its right to do so stems from Section 723.01, Revised Code, granting to municipal corporations the special power to regulate the use of the streets. That same statute also requires a municipal corporation to keep its streets free from nuisance.

The crux of this case stems, then, from the following question: Where a municipal corporation requires by ordinance that drivers of vehicles must park at an angle to the edge of the pavement, does such municipal corporation create a foreseeable danger to the life and limb of a pedestrian if it does not erect a barrier to prevent such vehicles from suddenly lurching forward? I maintain that the answer is yes.

Generally speaking, Section 723.01, Revised Code, pertains only to defects in a street or sidewalk. However, in the instant case, the city of Bay Village has actively created a situation where parked cars will directly face pedestrians on the sidewalk.

It is common knowledge that the modern motor vehicle with its automatic transmission is a powerful instrumentality and that little or no exertion is required to move it rapidly forward. That exertion can be intentional or, as here, unintentional. In view of this, I believe that with reasonable prudence, the instant situation could have been foreseen, viz., an inadvertent touching of the accelerator of a parked vehicle could endanger the life or limb of a pedestrian. The law imposes a duty to take precautions against the negligence of others where it is foreseeable that such negligence may occur and the harm likely to result is great in relation to the burden of exercising such precautions.

Reasonable minds could, therefore, conclude that defendant has not fulfilled its duty and for that reason, I would affirm.

HERBERT and SCHNEIDER, JJ., concur in the foregoing dissenting opinion.