LOVICK, APPELLANT, *v.* CITY OF MARION, APPELLEE.

(No. 74-883—Decided July 16, 1975.)

172

*Mr. Jason A. Blue, Mr. William A. Toler* and *Mr. Frank W. Humphrey,* for appellant.

*Messrs. Wiedemann & Wiedemann* and *Mr. William Wiedemann,* for appellee.

*Per Curiam.* Appellant contends that the duty of a municipal corporation under R. C. 723.01,[1] to keep its streets "open, in repair, and free from nuisance," includes not only the street itself, but also a catch basin and sloping drain adjacent thereto.

Since 1852, the principle embodied in R. C. 723.01 has been a part of Ohio law (50 Ohio Laws 244, Section 63). As its object, *inter alia,* R. C. 723.01 places an obligation on a municipality to keep highways and streets open for the purposes for which they were designed and built, *i. e.,* to afford the public a safe means of travel. *Fankhauser* v. *Mansfield* (1969), 19 Ohio St. 2d 102, 249 N. E. 2d 789.

Past decisions of this court recognize the statutory objective of R. C. 723.01, clearly expressed in *Fankhauser,* and establish that liability under the statute is not imposed

---

[1]R. C. 723.01 states, in part:

"Municipal corporations shall have special power to regulate the use of the streets. The legislative authority of such municipal corporation shall have the care, supervision, and control of * * * streets * * * within the municipal corporation, and shall cause them to be kept open, in repair, and free from nuisance."

upon a municipality where the condition in question does not render a street unsafe for usual and ordinary modes of travel. See *Dayton* v. *Taylor's Admr.* (1900), 62 Ohio St. 11, 56 N. E. 480; *Dayton* v. *Glaser* (1907), 76 Ohio St. 471, 81 N. E. 991; *Drake* v. *East Cleveland* (1920), 101 Ohio St. 111, 127 N. E. 469; *Davis* v. *Charles Shutrump & Sons Co.* (1942), 140 Ohio St. 89, 42 N. E. 2d 663; *Taylor* v. *Cincinnati* (1944), 143 Ohio St. 426, 55 N. E. 2d 724; *Standard Fire Ins. Co.* v. *Fremont* (1955), 164 Ohio St. 344, 131 N. E. 2d 221; *Geideman* v. *Bay Village* (1966), 7 Ohio St. 2d 79, 218 N. E. 2d 621.[2]

Additionally, in cases of this nature, it has often been stated that R. C. 723.01 must be strictly construed against a finding of municipal responsibility. The statute is in derogation of the common-law principle that municipal corporations, when in the exercise of governmental functions, are immune from suit. *Wooster* v. *Arbenz* (1927), 116 Ohio St. 281, 156 N. E. 210; *Standard Fire Ins. Co.* v. *Fremont, supra* (164 Ohio St. 344); *Geideman* v. *Bay Village, supra* (7 Ohio St. 2d 79); *Gabris* v. *Blake* (1967), 9 Ohio St. 2d 71, 223 N. E. 2d 597.

In *Dayton* v. *Taylor's Admr.* (62 Ohio St. 11), a pedestrian, who had left the sidewalk and crossed a street intersection diagonally, was injured when he slipped into a catch basin. The basin was out of the way of the usual route used by pedestrians when crossing the street. Although the opening of the catch basin was not covered (as in the case at bar), the court, at page 15, pointed out that the municipality's duty to keep its streets free from nuisance is met if the "streets are kept in reasonably safe condition for the ordinary modes of travel." Because he was out of the ordinary traveled way for

---

[2]Decisions of this court which have found municipal liability for failing to keep streets in repair and free from nuisance, pursuant to R. C. 723.01, are consistent with this objective. Conditions in those cases were held to render the street unsafe for travel in the ordinary manner. See, *e. g.*, *Yackee* v. *Napoleon* (1939), 135 Ohio St. 344, 21 N. E. 2d 111; *Fankhauser* v. *Mansfield, supra* (19 Ohio St. 2d 102); *Robert Neff & Sons* v. *Lancaster* (1970), 21 Ohio St. 2d 31, 254 N. E. 2d 693.

pedestrians, the court concluded that Taylor had assumed the risks concomitant with walking across the street in such a manner. In *Dayton*, the location of the catch basin did not constitute a condition which caused the street to be unsafe for travel in the usual modes.

In *Geideman* v. *Bay Village, supra* (7 Ohio St. 2d 79), a woman accidentally permitted her foot to slip off the brake of an automobile parked on a street and facing a sidewalk, causing the car to proceed onto the sidewalk and strike a child. The plaintiff joined the city as a defendant, contending that the failure to place reasonable barriers between the street and sidewalk constituted a nuisance on a public street which was actionable under R. C. 723.01.

Justice Paul W. Brown, speaking for the majority, first adopted the rationale of this court in *Taylor* v. *Cincinnati, supra* (143 Ohio St. 426), which stated, at page 447: "* * * even though municipalities are required by Section 3714, General Code [R. C. 723.01] to keep their streets open, in repair and free from nuisance, they are liable in damages for injury sustained only in consequence of their failure to use due care to keep them in a reasonably safe condition for public travel."

After noting that R. C. 723.01 is in derogation of the common law and must be strictly construed against recovery from a city, Justice Brown concluded in *Geideman* that the street and sidewalk were reasonably suitable for normal use and, therefore, that the city was not liable through a violation of the statute.

In the case at bar, the catch basin and drainage slope were not part of the paved or traveled portion of the street; they did not render the street unsafe for customary vehicular or pedestrian travel and did not cause injury to a person using the street in an expected and ordinary manner. Therefore, the judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

O'NEILL, C. J., HERBERT, CORRIGAN, STERN and W. BROWN, JJ., concur.

CELEBREZZE and P. BROWN, JJ., dissent.