**BALL et al., Appellants,**

v.

**CITY OF CLEVELAND, Appellee.**

[Cite as *Ball v. Cleveland* (1989), 65 Ohio App.3d 305.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 57576.

Decided Nov. 20, 1989.

*Barragate & Barragate* and *Suzanne Stocker*, for appellants.

*Nick Tomino*, Director of Law, and *Joan M. King*, Assistant Director of Law, for appellee.

*Per Curiam.*

In an accelerated appeal a pedestrian challenges the trial court's grant of summary judgment in favor of the city of Cleveland ("the city"). The pedestrian allegedly slipped and fell on a snow-covered steel plate placed in the street by the city.

■■■■ The city has a statutory duty to keep the streets "open, in repair and free from nuisance," where the condition in question renders a street unsafe for the "usual and ordinary modes of travel." R.C. 2744.02(B)(3); *Lovick v. Marion* (1975), 43 Ohio St.2d 171, 173, 72 O.O.2d 95, 96–97, 331 N.E.2d 445,

447. The city posits that the plate was not placed directly in the path of pedestrians using the crosswalk and was thus not a nuisance. The pedestrian's deposition statement, however, that the steel plate was on West Second Street where the sidewalk, if extended, crosses the alley, created a genuine issue of material fact. See *Adkins v. Ontario* (1983), 8 Ohio St.3d 45, 8 OBR 406, 457 N.E.2d 317. See, also, *Dayton v. Taylor's Admr.* (1900), 62 Ohio St. 11, 56 N.E. 480.

The city claims that the pedestrian was negligent as a matter of law because he crossed outside a crosswalk. Although the law may presume negligence from a violation of a statute, the law does not, based solely on that presumption, presume such negligence was the proximate cause of plaintiff's injury. Proximate cause is a question for the jury. *Smith v. Zone Cabs* (1939), 135 Ohio St. 415, 14 O.O. 316, 21 N.E.2d 336.

The city is not liable for injuries caused by the natural accumulation of snow and ice on its streets. *McCave v. Canton* (1942), 140 Ohio St. 150, 23 O.O. 365, 42 N.E.2d 762. We find that whether the proximate cause of the pedestrian's injury was the natural accumulation of snow, or the slick surface of a steel plate placed in the ordinarily travelled portion of the street, is a question of fact for a jury. Cf. *Malone v. Cuyahoga Community College Dist.* (Nov. 23, 1988), Cuyahoga App. No. 55630, unreported, 1988 WL 124996.

The pedestrian's sole assignment of error is sustained.

*Judgment reversed*
*and cause remanded.*

ANN MCMANAMON, C.J., MATIA and FRANCIS E. SWEENEY, JJ., concur.