MANUFACTURER'S NATIONAL BANK OF DETROIT, Personal Representative of the Estate of Patrick Murray, M.D., Deceased; Carol Murray, Individually and as Personal Representative of the Estate of Colette Murray, Deceased; Loretta Murray, Individually, Plaintiffs–Appellants,

v.

ERIE COUNTY ROAD COMMISSION, et al., Defendants,

Huron Township, Huron Township Board of Trustees, and Robert Boos, Jointly and Severally, Defendants–Appellees.

No. 90–3843.

United States Court of Appeals, Sixth Circuit.

Argued May 3, 1991.

Decided April 27, 1992.

Michelle A. Thomas (argued), Richard A. Bone, and Sheri B. Cataldo (briefed), Sullivan, Ward, Bone, Tyler, Fiott & Asher, Southfield, Mich., for plaintiffs-appellants.

Willis P. Jones, Jr., Sarah A. McHugh (argued and briefed), Jones & Bahret, Toledo, Ohio, and Randal L. Strickler, Prosecutor's Office for the County of Erie, Sandusky, Ohio, for defendants-appellees.

Before: KENNEDY and SUHRHEINRICH, Circuit Judges; and LIVELY, Senior Circuit Judge.

ORDER

Plaintiffs' personal representative of the Estate of Patrick Murray, M.D. and Colette Murray, Deceased; Carol Murray and Loretta Murray appealed the summary judgment for defendants Huron Township, Huron Township Board of Trustees and Robert Boos in this action. Because undecided questions of state law governed the outcome of the case, those questions were certified to the Ohio Supreme Court pursuant to Rule XVI of the Ohio Supreme Court Rules of Practice. That Court has now answered those questions in a manner inconsistent with the decision and judgment of the District Court. The judgment of the District Court is therefore REVERSED and the action REMANDED to the District Court for further proceedings in accordance with the holding of the Ohio Supreme Court in answer to the certified questions.

The Court is deeply appreciative that the State of Ohio provides this certification procedure. The Ohio Supreme Court's entry is attached as Exhibit A and the court's opinion was decided on April 1, 1992. 63 Ohio St.3d 318, 587 N.E.2d 819 (1992).

EXHIBIT A

THE SUPREME COURT OF OHIO

1992 TERM

To wit: April 1, 1992

| | |
|---|---|
| Manufacturer's National Bank of Detroit, etc., et al., | : |
| Petitioners, | : |
| v. | |
| Erie County Road Commission et al.; | : |
| Huron Township et al., | : |
| Respondents. | : |

Case No. 91–1302

ENTRY

**118**

This cause is pending before the Court on the certification of state law questions by the United States Court of Appeals for the Sixth Circuit. For the reasons stated in the opinion rendered herein, the Court answers the first certified question and finds that a permanent obstruction to visibility in the right-of-way, which renders the regularly travelled portions of the highway unsafe for the usual and ordinary course of travel, can be a nuisance for which a political subdivision may be liable under R.C. 2744.-02(B)(3). For the reasons stated in the opinion rendered herein, the Court answers the second certified question and finds that where the abutting landowner or occupier uses the highway right-of-way in a manner inconsistent with a highway purpose, and where such usage constitutes an unreasonable hazard to the users of the highway, the landowner or occupier may be liable for damages proximately caused by the improper use of the right-of-way.

THOMAS J. MOYER
Chief Justice