DECISION AND JUDGMENT ENTRY
{¶ 1} This appeal is from the November 21, 2002 judgment of the Wood County Court of Common Pleas which granted summary judgment to appellee, Byrne-Hammit Family Trust (hereinafter "the trust"), and appellees, Middleton Township and the Middleton Township Trustees, Mike Roller, Fred Getz, and Jim Bostdorff (hereinafter "the township"). Upon consideration of the assignments of error, we affirm the decision of the lower court. Appellant, Cynthia Floering, individually and as Administratrix of the Estate of Austin Floering, asserts the following assignments of error on appeal:
 {¶ 2} "Assignment of Error 1.
 {¶ 3} "The trial court erred to the prejudice of the plaintiffs when it granted the defendant Byrne-Hammit Trust's motion for summary judgment.
 {¶ 4} "Assignment of Error 2.
 {¶ 5} "The trial court erred to the prejudice of the plaintiffs when it granted the defendants Middletownship, Middletownship Trustees, Mike Roller, Fred Getz and Jim Bostdorff's motion for summary judgment."
 {¶ 6} In her complaint, appellant alleged Austin Floering died of injuries sustained in an automobile accident. He was injured on April 18, 1998 when the vehicle in which he was a passenger struck a tree growing in the right of way on Reitz Road. Appellant alleged that the township and trustees were liable for the injuries to and death of Austin Floering because they negligently failed to keep the public roads free from nuisance by allowing the tree to grow alongside the road. Appellant alleged that the trust was liable because it owns the land abutting Reitz Road and negligently failed to remove the tree that grew in the right of way even though it created an obstruction and was not an appropriate use of a right of way. Appellant also alleged a wrongful death claim against appellees pursuant to R.C. 2125.02.
 {¶ 7} First, we note that most of the "evidence" submitted with the motions for summary judgment was not properly authenticated as required by Civ.R. 56(C). Civ.R. 56(C) provides that only the evidence listed in the rule may be considered in ruling on a motion for summary judgment. Evidence which does not fit within one of the categories listed must be submitted by way of an affidavit. Watts v. Watts (Mar. 18, 1994), 6th Dist. No. L-93-200, 11-12. While the court should not consider inadmissible evidence, the failure of a party to object to the inadmissible evidence results in waiver of the issue on appeal. Green v.B.F. Goodrich Co. (1993), 85 Ohio App.3d 223, 228, and Brown v. OhioCasualty Ins. Co. (1978), 63 Ohio App.2d 87, 90-91.
 {¶ 8} Appellant objected to the trust's improper evidence. However, appellant also submitted an unauthenticated copy of the Ohio Department of Transportation Location and Design Manual. Because neither appellee objected, however, we will address appellant's arguments relating to these guidelines.
 {¶ 9} The undisputed evidence in this case is that the decedent was killed because of the injuries he suffered when the vehicle hit a tree growing near the edge of Reitz Road; that the tree was planted decades prior to the accident; that no one knows who planted the tree; and that the tree is growing in the highway right-of-way and clear zone.
 {¶ 10} The trust filed for summary judgment arguing that it had no duty to maintain the roads or remove the tree pursuant to R.C.2744.01(C)(2)(e).
 {¶ 11} Since the tree grew in the right of way and was, therefore, under the control of the municipality, the trust believed that it had no duty to remove it. Furthermore, the trust argued that it did not plant the tree at issue and, therefore, was not responsible for creating a nuisance.
 {¶ 12} The township also filed for summary judgment. It argued that it was immune from liability because the tree did not cause a danger for ordinary travel on the regularly-traveled roadway; the township did not have actual or constructive knowledge that the tree presented a hazard for ordinary traffic on the roadway; and that the driver, not the tree, caused the accident.
 {¶ 13} The trial court granted both motions for summary judgment. The trial court found that since the trust did not plant the tree, it did not create a public nuisance. Secondly, the court found that the trust did not use the right of way in a manner inconsistent with a highway purpose because there was no evidence that the trust planted or maintained the tree, that the tree posed a hazard to those who used the highway, or that the tree obstructed the view or flow of traffic. The court found that the township was immune from liability because the tree did not create a nuisance as defined by R.C. 2744.02(B)(3). The court found that appellant failed to demonstrate that ordinary use of the highway included traveling three-to-five feet off the side of the road. Even if immunity was not available, the township did not have notice of the hazard since there were no prior incidents or complaints about the tree. Furthermore, the court held that the mere presence of the tree alongside the road was insufficient to give notice of the nuisance. The court found that the issue of proximate cause was moot.
 {¶ 14} On appeal, we review the trial court's grant of summary judgment under the same standard as the trial court. Smiddy v. TheWedding Party, Inc. (1987), 30 Ohio St.3d 35, 36. Therefore, we must determine if:
 {¶ 15} "* * * there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor. * * *" Civ.R. 56(C).
 {¶ 16} In his first assignment of error, appellant argues that the trial court erred when it granted summary judgment to the trust. Appellant argues that the trial court should have found that the failure to remove a tree growing in the highway right-of-way posed a hazard which was inconsistent with a highway purpose and presented a foreseeable danger to those who use the highway. Appellant relies upon Manufacturer'sNatl. Bank v. Erie Cty. Rd. Commn. (1992), 63 Ohio St.3d 318, paragraph two of the syllabus, to argue that the trust is liable for creating a public nuisance because it failed to remove the tree growing on its property.
 {¶ 17} In Manufacturer's Natl. Bank, supra, the court held that if the owner/occupier of land abutting a highway "* * * uses the highway right of way in a manner inconsistent with a highway purpose, and where such usage constitutes an unreasonable hazard to users of the highway, the land owner or occupier may be liable for damages proximately caused by the improper use of the right-of-way." In that case, the court found that a landowner could be liable for growing crops in the highway right-of-way if the crops obstructed a driver's vision and thus made travel upon the highway unsafe.
 {¶ 18} We find that the Manufacturer's case is distinguishable on its facts. The tree in this case does not obstruct a driver's vision while traveling upon the regularly traveled portion of the highway. It can only be a hazard when a vehicle leaves the highway.
 {¶ 19} Furthermore, in Ramby v. Ping (Apr. 13, 1994), 2nd Dist. No. 93-CA-52, the Second Appellate District held that there is no authority for imposing a greater duty on the adjacent landowner to remove an off-the-road hazard that did not affect travel upon the highway unless the landowner had actual or constructive knowledge of the danger posed to travelers on the highway.
 {¶ 20} The trial court's finding in the case before us that the trust did not have actual or constructive knowledge that the tree posed a hazard to the use of the highway is supported by the evidence. Thus, in light of the fact that the political subdivision, which had control over the right of way, had not determined that the tree should be removed, we cannot find that the landowner should have removed it.
 {¶ 21} Appellant also argues that the rationale of theManufacturer's case should be extended beyond the pavement to the clear zone area of the right of way. Therefore, she bases the trust's liability upon Sec. 600.2 of the Ohio Department of Transportation Location and Design Manual. This section provides that the clear zone is that area of the right-of-way beyond the edge of the pavement where a vehicle that left the highway can safely recover. Id. In order to make the clear zone a safe area for recovery in case of an accident, the manual directs that engineering judgment be employed to remove all obstructions from the clear zone if possible. Id.
 {¶ 22} However, the manual includes a stated purpose of providing guidance and standardized options for the design of roadways. The manual also notes that some of the suggestions may not be appropriate for fiscal or other reasons. Thus, while the manual directs that there should not be any obstructions in the clear zone, it does not give rise to a duty to remove all trees in the clear zone.
 {¶ 23} We find that the trial court properly granted summary judgment to the trust. Appellant's first assignment of error is not well-taken.
 {¶ 24} In his second assignment of error, appellant argues that the trial court erred when it granted summary judgment to the township. First, appellant argues that statutory immunity was not available to the township even though the tree was in the clear zone and not the highway. The township argues that it only owed a duty to keep the roadway safe for the usual and ordinary modes of travel and that a tree on the side of the road did not present a hazard to usual and ordinary traffic on the roadway. The township argued that it did not owe a duty to keep the "clear zone" next to the highway safe.
 {¶ 25} Generally, the township has statutory immunity against damages caused by the township in connection with its governmental or proprietary functions. R.C. 2744.02(A)(1). However, an exception exists if the township breached its duty under R.C. 2744.02(B)(3) to keep the highways in repair and free from obstructions.[1] Therefore, in order to establish a claim that the township breached its duty, appellant was required to prove that: 1) there was a condition within the township's control; 2) which created a danger for ordinary traffic on the regularly-traveled portion of the road; and that 3) the township had actual or constructive knowledge of the condition. Manufacturer's Natl.Bank of Detroit v. Erie Cty. Road Comn. (1992), 63 Ohio St.3d 318, 321.
 {¶ 26} Because it is an exception to general statutory immunity law, R.C. 2744.02(B)(3) must be strictly construed. State ex rel. Kellerv. Forney (1923), 108 Ohio St. 463, paragraph one of the syllabus. See, also, Geideman v. Bay Village (1966), 7 Ohio St.2d 79, paragraph two of the syllabus (which held that R.C. 723.01 must be strictly construed because it was in derogation of the common law doctrine of sovereign immunity.) The rationale behind a limited exception to immunity is that the political subdivision is not an insurer of the safety of persons using its highways. Taylor v Cincinnati (1944) 143 Ohio St. 426, paragraph 5 of the syllabus and Ruwe v. Board of Twp. Trustees ofSpringfield Twp. (1987), 29 Ohio St.3d 59, 61.
 {¶ 27} The liability language of R.C. 2744.02(B)(3) is considered to be the equivalent of the liability provisions of former R.C. 723.01, effective July 1, 1989[2] (which predated the enactment of statutory immunity). Martin v. Warren, 11th Dist. No. 2000-T-0112, 2002-Ohio-2116. However, we note that R.C. 2744.02(B)(3) has been revised since theManufacturer's Natl. Bank v. Erie Cty. Rd. Commn., supra, case to remove the language "* * * free from nuisance * * *" and replace it with "* * * remove obstructions from public roads * * *." Nonetheless, we still interpret R.C. 2744.02(B)(3) as obligating the political subdivision to keep the public roads open for safe travel as was the purpose of the former R.C. 723.01.
 {¶ 28} R.C. 723.01 has been construed to include nuisances on and above the highway and highway shoulder which affect travel upon the roadway. Neff and Sons, Inc. v. Lancaster (1970), 21 Ohio St.2d 31, syllabus. Furthermore, R.C. 2744.02(B)(3), effective July 1, 1989,[3]
was interpreted as including any conditions in the right-of-way which adversely affect travel upon the regularly-traveled roadway and which are not the result of negligent design or construction. Manufacturer's Natl.Bank v. Erie Cty. Rd. Commn., supra, at paragraph one of the syllabus andHaynes v. Franklin (2002), 95 Ohio St.3d 344, 2002-Ohio-2334, at ¶ 18.
 {¶ 29} Cases applying Manufacturer's Natl. Bank, supra, to other types of off-the-road obstructions continue to focus upon the issue of whether the obstruction affects safe travel on the regularly-traveled highway. Palko v. Elyria (1993), 86 Ohio App.3d 211, 215 (a retaining wall 8-10 feet from the sidewalk but still within the city's right of way did not make travel upon the sidewalk unsafe); Combs v. Baker, 12th Dist. No. CA2001-01-020, 2001-Ohio-8650 (no duty to remove a boulder from the yard because off-the road travel is not foreseeable); Barnett v.Carr (Set. 17, 2001), 12th Dist. No. CA2000-11-219, at 38, (plaintiff failed to present evidence that a boulder placed at the end of defendant's driveway created a hazard for the ordinary and usual traffic); Nagel v. Norfolk Southern Corp. (Dec. 26, 1996), 9th Dist. No. C.A. NO. 96CA006346 (no evidence that steel guard posts placed alongside the road near a railroad crossing were a hazard to the usual and ordinary course of travel on the roadway); and Ramby v. Ping (April 13, 1994), 2nd Dist. No. 93-CA-52 (no evidence that a stone pillar 5-8 feet off the paved road created a hazard to regular and ordinary traffic on the highway). Therefore, since normal traffic does not drive in the clear zone, there is no duty to remove an off-the-road obstruction that does not affect travel upon the highway.
 {¶ 30} Therefore, we find that the danger posed by the tree at issue is outside the scope of the statute because it does not make travel upon the regularly-traveled portion of the highway unsafe. Taylor vCincinnati (1944) 143 Ohio St. 426 (city not liable for injuries sustained when a driver veered to the right to avoid colliding with an oncoming car and hit an elm tree located within the right of way but outside the paved portion of a city street).
 {¶ 31} In light of our findings as to this argument, the township's second argument that the township knew or should have known that the tree was planted in the clear zone is rendered moot.
 {¶ 32} We find that the trial court did not err by granting summary judgment to the township. Appellant's second assignment is not well-taken.
 {¶ 33} Having found that the trial court did not commit error prejudicial to appellant, the judgment of the Wood Court of Common Pleas is affirmed. Pursuant to App.R. 24, appellant is hereby ordered to pay the court costs incurred on appeal.
 JUDGMENT AFFIRMED. Peter M. Handwork, P.J., Judith Ann Lanzinger, J., Arlene Singer, J., CONCUR.
[1] R.C. 2744.02(B)(3) provides that: "Except as otherwise provided in section 3746.24 of the Revised Code, political subdivisions are liable for injury, death, or loss to person or property caused by their negligent failure to keep public roads in repair and other negligent failure to remove obstructions from public roads, except that it is a full defense to that liability, when a bridge within a municipal corporation is involved, that the municipal corporation does not have the responsibility for maintaining or inspecting the bridge."
[2] "Municipal corporations shall have special power to regulate the use of the streets. Except as provided in section 5501.49 of the Revised Code, the legislative authority of a municipal corporation shall have the care, supervision, and control of the public highways, streets, avenues, alleys, sidewalks, public grounds, bridges, aqueducts, and viaducts within the municipal corporation, and the municipal corporation shall cause them to be kept open, in repair, and free from nuisance."
[3] "Except as otherwise provided in section 3746.24 of the Revised Code, political subdivisions are liable for injury, death, or loss to person or property caused by their failure to keep public roads, highways, streets, avenues, alleys, sidewalks, bridges, aqueducts, viaducts, or public grounds within the political subdivisions open, inrepair, and free from nuisance, except that it is a full defense to such liability, when a bridge within a municipal corporation is involved, that the municipal corporation does not have the responsibility for maintaining or inspecting the bridge." (emphasis added)