DECISION AND JOURNAL ENTRY
Appellants and cross-appellees, Tracy Messenger and Robert L. Messenger, Administrator of the Estate of Spencer Messenger, (collectively referred to as "the Messengers") appeal the judgment of the Lorain County Court of Common Pleas. We affirm in part, reverse in part, and remand.
On May 31, 1994, Mr. Nixon, the road superintendent of Spencer Township in Medina County, spread a one-inch layer of gravel on Bursley Road, but did not grade the road because there were neither holes nor bumps; the gravel was to be compacted by traffic. After spreading the gravel, Mr. Nixon drove both directions on Bursley Road to ascertain whether there were any bumps and found no unusual conditions.
On June 3, 1994, Tracy Messenger planned to go grocery shopping with her mother. It was a dry, clear, and sunny afternoon. At approximately 3:00 p.m., she strapped her three-month old son, Spencer, in the front seat of her 1992 Ford Tempo[1] and left her home, which was located in Wellington, Lorain County, Ohio. When Mrs. Messenger visited her mother, she would normally travel on Bursley Road and turn left onto West Avenue; however, on June 3, 1994, she decided to try a new way and continued down Bursley Road because a large farm vehicle was moving slowly on West Avenue and blocking travel.
Bursley Road is paved in Lorain County, where the Messengers lived, and has a posted speed limit of 55 m.p.h.; however, the road surface changes from paved to gravel as one travels into Medina County, and the legal speed limit remains 55 m.p.h. Further, there are no signs posted in Lorain County, warning of the impending surface change. Bursley Road has a low traffic volume. Mrs. Messenger testified that as she crossed onto the gravel portion of Bursley Road in Medina County, she felt a series of bumps and that the stones forming the road were very loose. Mrs. Messenger, who had never previously driven on a gravel road, suddenly lost control of her vehicle and collided with a utility pole. As a result of the accident, Mrs. Messenger suffered serious injuries and her son Spencer died.
On June 3, 1996, the Messengers filed a complaint in the Lorain County Court of Common Pleas, alleging that Spencer Township negligently maintained Bursley Road and thereby created a nuisance which caused Mrs. Messenger to lose control of her vehicle and crash into the utility pole.[2] After substantial discovery, Spencer Township filed a motion for summary judgment, asserting that governmental immunity bars the Messengers' claims and that Spencer Township was without actual or constructive notice of the claimed defect. The trial court denied this motion on October 9, 1998.
A jury trial was held, commencing on April 19, 1999. Prior to trial, the Messengers filed a motion in limine to prevent Spencer Township from introducing evidence regarding whether Mrs. Messenger had properly restrained her son. The trial court granted this motion, but allowed Spencer Township to ask, over the Messengers' timely objection at trial, Mervin Miller and Sharon Delgado what they saw in the backseat of Mrs. Messenger's vehicle when they went to inspect the wrecked car after the car had been towed to a gas station. Each testified that a child car seat was located in the backseat of the automobile. The trial court, however, prohibited Spencer Township from asking any further questions on this subject.
The trial court gave its charge to the jury, which jury subsequently began its deliberations. After approximately five hours of deliberation, the trial court gave the jury a modifiedHoward charge and returned the jury for further deliberations on Friday afternoon, April 23, 1999. The genesis of the modifiedHoward charge is not clear from the record. On Monday, April 26, 1999, the same day as the jury returned its verdict, the jury showed the bailiff some signed interrogatories and verdict forms and asked the bailiff what the next steps were in completing the interrogatories, as the jury was confused by the instructions on the interrogatories. After speaking with the trial judge, the bailiff returned to the jury room and told the jury that since the jury had already signed both Defendant's verdicts, the jury had completed its work. All of these communications took place outside of the presence of the parties. The jury did not complete the interrogatory dealing with whether Mrs. Messenger proximately caused her own injuries, as that interrogatory had only five of the requisite six signatures.[3] Shortly thereafter, the jury returned a verdict in favor of Spencer Township, which verdict was journalized on April 27, 1999. This appeal followed.
 II.
The Messengers assert six assignments of error. Spencer Township cross-appeals, asserting one assignment of error. We will discuss each in due course.
 A. The Messengers' Assignments of Error Third Assignment of Error THE TRIAL COURT ERRED IN FAILING TO GIVE INSTRUCTIONS OF LAW THAT WERE TIMELY REQUESTED BY THE PLAINTIFF-APPELLANTS, THAT WERE CORRECT STATEMENTS OF THE LAW AND THAT WERE RELEVANT TO THE ISSUES AT TRIAL.
 In their third assignment of error, the Messengers aver that the trial court erred by failing to give jury instructions, which were both timely requested and correct statements of the law. Specifically, they argue that the trial court failed to instruct the jury 1) that the term "unimproved highway" includes a gravel road; 2) that Spencer Township had discretion to lower the speed limit on the unimproved portion of Bursley Road; 3) that the legal speed limit may be considered in determining whether the condition of Bursley Road was dangerous and that the lack of signage may be considered in determining whether Mrs. Messenger was negligent in the operation of her automobile; 4) that Ohio law does not require that an infant be seated in the rear passenger seat of an automobile; and 5) that a township has a duty to keep the roads free from nuisance which nuisance renders a roadway unsafe for ordinary modes of travel. In addition, the Messengers argue that the trial court erred in refusing to instruct the jury that it is prima facie lawful to operate an automobile at a speed not exceeding 55 m.p.h. on an unimproved highway located in a township. We agree.
"It is well established that the trial court will not instruct the jury where there is no evidence to support an issue."Murphy v. Carrollton Mfg. Co. (1991), 61 Ohio St.3d 585, 591, citing Riley v. Cincinnati (1976), 46 Ohio St.2d 287, paragraph two of the syllabus. Consistent with this principle, requested instructions ordinarily should be given if they are "`correct statements of the law applicable to the facts in the case and reasonable minds might reach the conclusion sought by the instruction.'" (Citations omitted.) Murphy,61 Ohio St.3d at 591.
The Messengers aver that the trial court erred in not instructing the jury that it is prima facie lawful, in the absence of a lower speed limit declared by the township, for a driver of an automobile to travel at a speed not exceeding 55 m.p.h. on an unimproved highway located in a township and that the term "unimproved highway" includes a gravel road. See R.C.4511.21(B)(5) and R.C. 4511.21(K)(1)(c). The function of the trial court's general charge to the jury is to give a correct and complete statement of law applicable to the facts of the case.Sharp v. Norfolk W. Ry. Co. (1995), 72 Ohio St.3d 307, 312. In the present case, there was testimony regarding both the legal speed limit on Bursley Road in Medina County and regarding the speed at which Mrs. Messenger was traveling when she lost control of her vehicle. Spencer Township sought to defend this action, in part, by claiming that Mrs. Messenger was operating her vehicle at an excessive speed, which caused her to lose control of her automobile. In instructing the jury regarding speed, the trial court used Ohio Jury Instructions, Section 225.21, but omitted the portions dealing with the legal significance of traveling above or below the legal speed limit. Further, the trial court refused to give a proposed jury instruction, regarding the legal significance of driving within the legal speed limit, which would make the jury charge a complete statement of the law regarding speed. See R.C.4511.21(B). In light of the fact that the jury's deliberation may have been prematurely terminated by the trial court and limited to the facts of this case, we cannot conclude that the trial court's refusal to instruct the jury on the legal significance of driving below the prima facie speed limit was harmless.
We need not address the remaining portions of this assignment of error. See App.R. 12(A)(1)(c). The Messengers' third assignment of error is sustained.
 First Assignment of Error THE TRIAL COURT ERRED IN GIVING A MODIFIED HOWARD CHARGE THAT RAISED THE BURDEN OF PROOF.
 Second Assignment of Error THE TRIAL COURT ERRED IN PERMITTING EVIDENCE THAT THE INFANT WAS NOT PROPERLY RESTRAINED.
 Fourth Assignment of Error THE TRIAL COURT ERRED IN INSTRUCTING THE JURY ON REMOTE CAUSE AND THAT CONTRIBUTORY NEGLIGENCE CONSTITUTES AN ABSOLUTE BAR TO RECOVERY.
 Fifth Assignment of Error THE TRIAL COURT ERRED IN OVERRULING PLAINTIFF-APPELLANTS' MOTION FOR JNOV OR, ALTERNATIVELY, FOR NEW TRIAL WHERE THE JURY'S VERDICT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 Sixth Assignment of Error THE TRIAL COURT ERRED IN PERMITTING ITS BAILIFF TO DISCUSS DELIBERATIONS WITH THE JURY OUTSIDE THE PRESENCE OF COUNSEL OR A COURT REPORTER.
 We need not reach the merits of these claims, as they are rendered moot by our disposition of the above assignment of error. App.R. 12(A)(1)(c).
 B. Spencer Township's Assignment of Error The Trial Court Erred in Failing to Grant Defendant's Motion for Summary Judgment.
 Spencer Township asserts that the trial court erred in failing to grant its motion for summary judgment. In its motion for summary judgment, Spencer Township asserts that governmental immunity bars the Messengers' claims and that Spencer Township was without actual or constructive notice of the claimed defect. On appeal, Spencer Township avers that the trial court incorrectly relied on the affidavit of Carmen W. Daecher to find that there was a genuine issue of material fact as to whether Spencer Township had notice of the nuisance because the Daecher affidavit did not comply with the requirements of Civ.R. 56(E). We disagree.
Pursuant to Civ.R. 56(C), summary judgment is proper if:
 (1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.
 Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327. Appellate review of a lower court's entry of summary judgment is de novo, applying the same standard used by the trial court. McKay v. Cutlip (1992), 80 Ohio App.3d 487, 491. The party seeking summary judgment initially bears the burden of informing the trial court of the basis for the motion and identifying portions of the record demonstrating an absence of genuine issues of material fact as to the essential elements of the nonmoving party's claims. Dresher v. Burt
(1996), 75 Ohio St.3d 280, 293. The movant must point to some evidence in the record of the type listed in Civ.R. 56(C) in support of his motion. Id. Once this burden is satisfied, the nonmoving party has the burden, as set forth in Civ.R. 56(E), to offer specific facts showing a genuine issue for trial. Id. The nonmoving party may not rest upon the mere allegations and denials in the pleadings but instead must point to or submit some evidentiary material that shows a genuine dispute over the material facts exists. Henkle v. Henkle (1991), 75 Ohio App.3d 732, 735.
In order to determine whether the court erred in denying summary judgment, we must first decide whether a political subdivision can be held liable under R.C. 2744.02(B)(3) for injuries resulting from an allegedly negligently maintained gravel road. Spencer Township argues that it is protected under governmental immunity.
 R.C. 2744.02(A)(1) provides that a political subdivision is generally not liable for injury, death or loss to persons or property incurred in connection with the performance of a governmental or proprietary function. R.C. 2744.02(B) sets forth several exceptions to this broad grant of sovereign immunity. As relevant here, R.C. 2744.02(B)(3) provides that "political subdivisions are liable for injury, death, or loss to persons or property caused by their failure to keep public roads, highways, [and] streets * * * within the political subdivisions open, in repair, and free from nuisance." (Emphasis added.)
 (Alterations original.) Harp v. Cleveland Hts. (2000), 87 Ohio St.3d 506, 509. However, R.C. Chapter 2744 also enumerates defenses that can be asserted to avoid liability. In its motion for summary judgment, Spencer Township raises R.C. 2744.03(A)(5) as a defense.
 R.C. 2744.03(A)(5) provides that a political subdivision is "immune from liability if the injury [or] death * * * resulted from the exercise of judgment or discretion in determining whether to acquire, or how to use, equipment, supplies, materials, personnel, facilities, and other resources, unless the judgment or discretion was exercised with malicious purpose, in bad faith, or in a wanton or reckless manner."
 (Alterations original.) Franks v. Lopez (1994), 69 Ohio St.3d 345, 347-48. In Franks, the Supreme Court found that [o]verhanging branches and foliage which obscure traffic signs, malfunctioning traffic signals, signs which have lost their capacity to reflect, or even physical impediments such as potholes, are easily discoverable, and the elimination of such hazards involves no discretion, policy-making or engineering judgment. The political subdivision has the responsibility to abate them and it will not be immune from liability for its failure to do so.
 (Emphasis added.) Id. at 349. Moreover, the Supreme Court has also found that while the decision to install a traffic control device involves a high degree of discretion and is therefore immune from liability, Williamson v. Pavlovich
(1989), 45 Ohio St.3d 179, 185, the failure to maintain a traffic control device in proper repair gives rise to municipal liability, Fankhauser v. Mansfield (1969), 19 Ohio St.2d 102, 109-10. Similarly, we find that the decision to have a gravel road, rather than a paved road, involves basic policy considerations and the exercise of a high degree of discretion; as such, this type of decision is protected by governmental immunity. Nevertheless, once Spencer Township made a decision to have a gravel road, the township had a duty to maintain the gravel road in proper repair and apply the gravel in a safe and reasonable manner; therefore, we find that Spencer Township is not protected by governmental immunity in this instance.
Next, we must determine whether there is no genuine issue of material fact regarding the nuisance claim, thus making summary judgment appropriate. R.C. 723.01 imposes upon municipalities a duty to keep public highways and streets within their control "open, in repair, and free from nuisance." Similarly, R.C.2744.02(B)(3) provides that "[p]olitical subdivisions are liable for injury, death, or loss to persons or property caused by their failure to keep public roads, highways, [or] streets * * * within the political subdivisions open, in repair, and free from nuisance[.]" "In determining a township's duty under R.C.2744.02(B)(3) or a municipality's under R.C. 723.01, the focus should be on whether a condition exists within the political subdivision's control that creates a danger for ordinary traffic on the regularly traveled portion of the road." Manufacturer'sNatl. Bank of Detroit v. Erie Cty. Road Comm. (1992), 63 Ohio St.3d 318,322. "Where the township fails in its duty, it may be liable for injuries proximately caused by the nuisance." Id. at 322.
We find there is a genuine issue of material fact in the present case. Mr. Nixon stated in his deposition that he spread a one-inch layer of gravel on the gravel portion of Bursley Road on May 31, 1994, but did not grade[4] or compact the gravel on this occasion. Further, Frank Rice, a trustee for Spencer Township, stated during his deposition than even a thin layer of loose gravel could be hazardous to traffic. In her deposition testimony describing the accident, Mrs. Messenger stated that when she crossed onto the gravel road, she felt a series of bumps and loose stones and immediately lost control of her vehicle. Later, on the same day as the accident, Mervin Miller drove down Bursley Road and felt a series of bumps, which caused the back end of his car to slide to the side. Further, Mrs. Messenger contends that had it not been for the loss of traction due to the bumps, she would not have lost control of the vehicle. Evaluated in a light most favorable to the Messengers, the evidence before the trial court did not lead to but one conclusion. Rather, a genuine issue of material fact remained as to whether the condition of Bursley Road on June 3, 1994 was unsafe for normal travel, and thus, constituted a nuisance which proximately caused the Messengers' injuries.
Our analysis, however, does not end with this determination. The political subdivision must also have either actually created the faulty condition from which the injury resulted or had either actual or constructive notice thereof, before liability may be imposed. Cleveland v. Amato (1931), 123 Ohio St. 575, paragraph one of the syllabus; see, also, Williams v. Cuyahoga Falls (Aug. 30, 1995), Summit App. No. 16981, unreported.
Spencer Township argues that the trial court erred by considering the affidavit of Carmen Daecher in its denial of summary judgment, because the affidavit did not comply with Civ.R. 56(E), and without the Daecher affidavit, there is no genuine issue of material fact as to notice; however, we need not decide whether the trial court erred in relying on the Daecher affidavit, as there is evidence of notice independent of the affidavit, and we review summary judgment de novo.
The trial court correctly held that the Messengers' evidence created a question of fact as to whether the township either created the alleged nuisance or had actual or constructive notice thereof. Mr. Nixon, an employee of Spencer Township, spread gravel on Bursley Road on May 31, 1994, but did not grade it. Although he inspected the road by driving over it and felt that it was in good condition, Mr. Miller testified that the corrugations in the road were visible upon a walking inspection of the road. Even though Mr. Miller's inspection occurred after the accident, the road was in substantially the same condition as when Mr. Nixon spread the gravel on May 31, 1994, according to Mr. Nixon's deposition testimony. Moreover, Mr. Nixon stated that newly spread gravel on a dry road takes longer to work its way into the surface. Lastly, the Messengers presented the deposition testimony of a nearby resident, Mr. Miller, that previous accidents, albeit unreported, had occurred on this portion of Bursley Road. Hence, we conclude that the trial court correctly determined that the evidence, evaluated in a light most favorable to the Messengers, demonstrated that genuine issues of material fact remained to be litigated regarding whether Bursley Road was a nuisance, of which Spencer Township had notice or created, that proximately caused the Messengers' injuries. Accordingly, Spencer Township's cross-assignment of error is overruled.
 III.
The Messengers' third assignment of error is sustained. We decline to address the Messengers' first, second, fourth, fifth, and sixth assignments of error. Spencer Township's cross-assignment of error is overruled. Accordingly, the judgment of the Lorain County Court of Common Pleas is affirmed in part, reversed in part, and the cause is remanded for further proceedings consistent with this opinion.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed equally to both parties.
 ___________________________ WILLIAM G. BATCHELDER
CARR, J., CONCURS.
[1] Her Ford Tempo was a two-door compact car.
[2] The Lorain County Commissioners were also named as defendants; however, after preliminary discovery, the Messengers voluntarily dismissed the Lorain County Commissioners from the suit on March 24, 1997.
[3] According to the interrogatories, the jury found that the condition of Bursley Road on June 3, 1994 was a nuisance and that Spencer Township had notice thereof, but that Spencer Township did not proximately cause either Mrs. Messenger's injuries or Spencer Messenger's death. Similarly, the jury found that Mrs. Messenger negligently operated her vehicle, but did not proximately cause her son's death. However, only five jurors of eight jurors signed the interrogatory dealing with whether Mrs. Messenger proximately caused her own injuries. Both general verdict forms were filled out in favor of Spencer Township.
[4] Grading helps work the stones into the road surface, creating a more solid surface.