OPINION
{¶ 1} Plaintiff-appellant Kathleen D. Deskins appeals the May 17, 2004 Judgment Entry of the Licking County Court of Common Pleas granting summary judgment in favor of defendant-appellee Tim Lollo, Licking County Engineer.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On August 14, 2002, at approximately 3:00 p.m., decedent Ricky Deskins was traveling north on County Road 210 in Licking County, Ohio, when a large tree limb fell on his car, killing him. The tree was located in front of Camp Falling Rock, owned by the Simon Kenton Council of the Boy Scouts of America.
 {¶ 3} The tree stood 15 to 38 feet from the paved portion of County Road 210, and was approximately 60 feet tall. The portion of the tree which fell on the car overhung County Road 210.
 {¶ 4} Appellants filed a wrongful death action against the Licking County Engineer; the Licking County Commissioners; the Licking County Council of Boy Scouts of America; and the Simon Kenton Council of the Boy Scouts of America. All of the named defendants filed motions for summary judgment. On May 17, 2004, the trial court denied the motion for summary judgment of the Simon Kenton Council of the Boy Scouts of America and the Licking County Council of the Boy Scouts of America, and granted the motions of the Licking County Engineer and the Licking County Commissioners.
 {¶ 5} Appellants now appeal that portion of the trial court's Judgment Entry granting summary judgment in favor of Tim Lollo, the Licking County Engineer, assigning as the sole error:[1]
 {¶ 6} "I. The trial court erred in granting the licking county engineer's motion for summary judgment because there are genuine issues of material fact and licking county is not entitled to judgment as a matter of law."
 I {¶ 7} Summary Judgment motions are to be resolved in light of the dictates of Civ.R. 56. Said rule was reaffirmed by the Supreme Court of Ohio in State ex rel. Zimmerman v. Tompkins,75 Ohio St.3d 447, 448, 663 N.E.2d 639, 1996-Ohio-211:
"Civ.R. 56(C) provides that before summary judgment may be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. State ex.rel. Parsons v. Fleming (1994), 68 Ohio St.3d 509, 511,628 N.E.2d 1377, 1379, citing Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, 327, 4 O.O3d 466, 472, 364 N.E.2d 267, 274."
 {¶ 8} As an appellate court reviewing summary judgment motions, we must stand in the shoes of the trial court and review summary judgments on the same standard and evidence as the trial court. Smiddy v. The Wedding Party, Inc. (1987),30 Ohio St.3d 35, 506 N.E.2d 212.
 {¶ 9} Appellant maintains the trial court erred in finding the tree at issue was not within the control of the Licking County Engineer's Office ("Engineer") prior to its failure, and in finding there is no evidence the Engineer had notice, actual or constructive, of the dangers posed by the tree.
 {¶ 10} R.C. Section 2744.02(B)(3), in effect at the time of the accident, provides:
 {¶ 11} "(B) Subject to sections 2744.03 and 2744.05 of the Revised Code, a political subdivision is liable in damages in a civil action for injury, death, or loss to person or property allegedly caused by an act or omission of the political subdivision or of any of its employees in connection with a governmental or proprietary function, as follows:
* * *
 {¶ 12} "(3) Except as otherwise provided in section 3746.24
of the Revised Code, political subdivisions are liable for injury, death, or loss to person or property caused by their failure to keep public roads, highways, streets, avenues, alleys, sidewalks, bridges, aqueducts, viaducts, or public grounds within the political subdivisions open, in repair, and free from nuisance, except that it is a full defense to that liability, when a bridge within a municipal corporation is involved, that the municipal corporation does not have the responsibility for maintaining or inspecting the bridge."
 {¶ 13} Both parties cite the Ohio Supreme Court decision inHarp v. City of Cleveland Heights, 2000-Ohio-467. In Harp,
the Court set forth the issue as whether a defective tree limb that threatens to fall onto a public road, but does not physically obstruct traffic, can constitute a nuisance for purposes of R.C. 2744.02(B)(3). Id.
 {¶ 14} The Court held:
 {¶ 15} "Clearly, an unsound tree limb that threatens to fall onto a public road from adjacent property can be a nuisance that makes the usual and ordinary course of travel on the roadway unsafe. Although not physically obstructing or impeding the flow or visibility of traffic, a tree limb threatening to fall upon a public road can be just as dangerous to the highway's safety as one that obstructs a driver's vision, obscures a stop sign, or hangs over the roadway low enough to strike traffic. Contrary to the holdings below, R.C. 2744.02(B)(3) contains no language that limits a political subdivision's duty to the removal of obstructions from public roads. See fn. 1.
 {¶ 16} "Accordingly, we hold that a political subdivision can be held liable under R.C. 2744.02(B)(3) for injuries that result when a tree limb falls upon a public road from adjacent land that is also within the political subdivision's control.
 {¶ 17} "This does not end the analysis however. In Vogel v.Wells (1991), 57 Ohio St.3d 91, 97, 566 N.E.2d 154, 160, a nuisance case decided in part under R.C. 723.01, we reiterated that the political subdivision must have had `either actual or constructive knowledge of the nuisance' before liability can be imposed. There is constructive knowledge if `such nuisance existed in such a manner that it could or should have been discovered, that it existed for a sufficient length of time to have been discovered, and that if it had been discovered it would have created a reasonable apprehension of a potential danger * * *.' Beebe v. Toledo (1958), 168 Ohio St. 203, 207, 6 O.O.2d 1, 3, 151 N.E.2d 738, 741." Franks, supra,69 Ohio St.3d at 349, 632 N.E.2d at 505." Harp, supra.
 {¶ 18} In Manufacturer's Nat'l Bank of Detroit v. Erie Cty.Road Comm. (1992), 63 Ohio St.3d 318, the Ohio Supreme Court held:
 {¶ 19} "The roadway, the space immediately above the roadway, the shoulder, the berm, and the right-of-way are all under the control of the political subdivision. See present R.C.4511.01(UU)(2). The township has a duty to keep the areas within its control free from nuisance, i.e., conditions that directly jeopardize the safety of traffic on the highway. Where the township fails in its duty, it may be liable for injuries proximately caused by the nuisance. * * *
 {¶ 20} "The relevant focus is on the effect of the obstruction on the highway's safety, not on the nature of the particular obstruction." Id.
 {¶ 21} Based upon the above, we find political subdivision's control extends to trees and parts of trees adjacent to public roads which have a potential danger of falling onto the traveled road, even if the tree is located on private property. The political subdivision's statutory duty exists regardless of whether the defect in the tree where the break is likely is presently over the road, as long as there is a danger in a portion of the tree above the break point extending onto the public road.
 {¶ 22} In the proceedings before the trial court on the issue of summary judgment, appellant produced the testimony of Dr. T. Davis Sydnor, Professor of Urban Forestry at the Ohio State University. Dr. Sydnor testified in his affidavit and at deposition: The tree limb extended over County Road 210, and hung over the county road right-of-way. The canker in the tree faced toward the road, was 4 to 6 feet in height and 18 to 24 inches wide, and was clearly visible from the road to the untrained eye. (Dr. Sydnor, Affidavit and Dr. Sydnor, Deposition p. 116-129.) He further testified the canker in the tree existed and had a risk of falling for 10-15 years before the tree limb fell and killed Deskins. Id.
 {¶ 23} Based upon the above, there was evidence before the trial court the danger posed by the tree in question extended onto the roadway. Having concluded supra a political subdivision's control extends over such situation, we find it was inappropriate to grant appellee summary judgment on this issue.
 {¶ 24} Further, we find there remains a genuine issue of material fact as to whether appellee was on notice of the danger.
 {¶ 25} Appellant presented the deposition testimony of Marshall Gilbert who testified he made two complaints to the Licking County Engineer's Office regarding a tree limb falling onto his car while traveling County Road 210. The incidents occurred approximately one or two years prior to the accident at hand. (Gilbert Depo., 18-19). According to his deposition testimony, Gilbert then saw the Licking County Engineer at the site of the Swick Holton Bridge just north of the Scout Camp and told him the trees along County Road 210 were dangerous and asked when they were going to do something about it. Id.
 {¶ 26} Based upon the above, and considering the evidence in the light most favorable to appellant pursuant to Civ. R. 56, the trial court's granting summary judgment in favor of Tim Lollo, the Licking County Engineer, was inappropriate as genuine issues of material fact exist as to the issues of notice and breach of duty. Reasonable minds can come to differing conclusions on these issues. Therefore, the May 17, 2004 Judgment Entry of the Licking County Court of Common Pleas granting summary judgment in favor of defendant-appellee Licking County Engineer is reversed, and the matter remanded to the trial court for further proceedings in accordance with the law and this opinion.
Hoffman, P.J., Edwards, J. and Boggins, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the May 17, 2004 Judgment Entry of the Licking County Court of Common Pleas granting summary judgment in favor of defendant-appellee Licking County Engineer is reversed, and the matter remanded to the trial court for further proceedings in accordance with the law and our opinion. Costs assessed to appellee Licking County Engineer.
[1] We note plaintiff-appellant does not assign as error and conceded at argument the trial court's entry of summary judgment in favor of defendants Licking County Commissioners.