[Cite as *R&R Family Invests. v. Plastic Moldings Corp.*, 2016-Ohio-8125.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


| | | |
|---|---|---|
| R&R FAMILY INVESTMENTS, | : | APPEAL NO. C-160382 |
| | | TRIAL NO. A-1403727 |
| Plaintiff-Appellant, | : | |
| vs. | : | |
| THE PLASTIC MOLDINGS CORP., | : | *O P I N I O N.* |
| GERDES HOLDING CO., | : | |
| and | : | |
| CHARTER COMMERCIAL GA, LLC, | : | |
| Defendants-Appellees. | : | |


Civil Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal:  December 14, 2016


*Stagnaro, Saba & Patterson Co., L.P.A., Jeffrey M. Nye*, and *Paul T. Saba*, for Plaintiff-Appellant,

*Timothy E. McKay*, Travelers Staff Counsel, for Defendants-Appellees The Plastic Moldings Corp. and Gerdes Holding Co.,

*Dinsmore & Shohl LLP, Mark G. Arnzen, Jr.*, and *Joseph E. Greiner*, for Defendant-Appellee Charter Commercial GA, LLC.

**FISCHER, Presiding Judge.**

{¶1}   This is a dispute between adjoining private landowners.  The issue, one of first impression, is whether an uphill property owner and previous owners of that property may be held liable in either nuisance or trespass to the downhill property owner for damages caused by a natural landslide.  We conclude that the uphill property owner and its predecessors do not owe a duty to the downhill property owner to repair damage from landslides or to prevent future landslides, when the landslides are the result of the natural conditions of the property.  Therefore, we affirm the judgment of the trial court.

{¶2}   Plaintiff-appellant R&R Family Investments ("R&R") owns property located at 1995 Grand Avenue in South Fairmont (the "Property").  R&R's owner, Reginald Hahn, purchased the Property in 2010 to house his collection of British cars.  At the time R&R purchased the Property, defendant-appellee The Plastic Moldings Corporation ("PMC") owned the adjacent uphill property.  In 2011, Hahn began noticing dirt running down the hillside from PMC's property onto his property.  Hahn contacted PMC in 2012 to notify it of the issue.  In 2013, a smaller landslide occurred and caused water issues in R&R's building.  Hahn then hired a company to remove the dirt and to build a concrete-block wall.  In April 2014, a larger landslide occurred, which knocked over the concrete wall, impacted the wall of R&R's building, and caused further water damage.  Within days of the landslide, PMC sold the uphill property to an affiliated company—defendant-appellee Gerdes Holding Co. ("Gerdes Holding").

{¶3}   After the 2014 landslide, R&R hired a geotechnical engineer, Joseph Kowalski, to examine the Property and determine whether the soil and debris could

2

be removed safely without compromising the hillside any further. Kowalski determined that natural movement of soil and material had caused the 2014 landslide. According to Kowalski, no human action had contributed to the state of the hillside in the past 50 years.

{¶4} R&R filed a lawsuit against PMC and Gerdes Holding. Shortly thereafter, Gerdes Holding sold the uphill property to defendant-appellee Charter Commercial, GA ("Charter Commercial"). In its amended complaint against PMC, Gerdes Holding, and Charter Commercial (collectively "the Defendants"), R&R asserted multiple claims, including claims for trespass and nuisance. Charter Commercial filed a counterclaim against R&R, alleging that R&R had built the concrete-block wall on its property without its consent.

{¶5} The Defendants and R&R filed cross-motions for summary judgment, which included requests for summary judgment on R&R's claims for nuisance and trespass. With respect to R&R's trespass and nuisance claims, the trial court denied R&R's motion and granted the Defendants' motion. The court determined that the Defendants had not committed an intentional act, because the landslide occurred as an act of nature, and thus R&R could not sustain a trespass claim. As to the nuisance claim, the court determined that the Defendants did not owe any duty to R&R with respect to the landslide, again because the landslide occurred naturally, and so R&R could not prove a negligence theory of nuisance.

{¶6} After the trial court entered its summary-judgment decision, the only issues remaining for the trial dealt with Charter Commercial's counterclaim for trespass. Once those issues had been resolved, the trial court entered a final order. R&R now appeals the trial court's summary-judgment decision.

### Standard of Review

{¶7} When reviewing a summary-judgment ruling, we apply a de novo standard of review. *Schmidt v. Village of Newtown*, 1st Dist. Hamilton No. C-110470, 2012-Ohio-890, ¶ 6, citing *Doe v. Shaffer*, 90 Ohio St.3d 388, 390, 738 N.E.2d 1243 (2000). Under Civ.R. 56(C), summary judgment is appropriate when no genuine issues of material fact remain, the moving party is entitled to judgment as a matter of law, and it appears from the evidence that reasonable minds can come to but one conclusion, and with the evidence construed most strongly in favor of the nonmoving party, that conclusion is adverse to that party. *Schmidt* at ¶ 6, citing *Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327, 364 N.E.2d 267 (1977).

### R&R's Nuisance Claim

{¶8} We address R&R's second assignment of error first. In its second assignment of error, R&R argues that the trial court erred in denying summary judgment in its favor on its nuisance claim.

{¶9} R&R claims that the Defendants' failure to maintain the hillside and to prevent further landslides constitutes a nuisance. Nuisance can be established by intentional, reckless, or negligent conduct. *Colegrove v. Fred A. Nemann Co.*, 1st Dist. Hamilton No. C-140171, 2015-Ohio-533, ¶ 20. An absolute nuisance, or nuisance per se, involves either an intentional or unlawful act, or a hazardous situation for which absolute liability attaches. *City of Cincinnati v. Beretta U.S.A. Corp.*, 95 Ohio St.3d 416, 2002-Ohio-2480, 768 N.E.2d 1136, ¶ 15, fn. 4; *Metzger v. Pa., O. & D. R. Co.*, 146 Ohio St. 406, 409, 66 N.E.2d 203 (1946). By contrast, "a qualified nuisance or nuisance dependent upon negligence consists of anything lawfully but so negligently or carelessly done or permitted as to create a potential and

4

unreasonable risk of harm, which, in due course, results in injury to another." *Taylor v. Cincinnati*, 143 Ohio St. 426, 55 N.E.2d 724 (1944), paragraph three of the syllabus; *see State ex rel. R.T.G., Inc. v. State*, 98 Ohio St.3d 1, 2002-Ohio-6716, 780 N.E.2d 998, ¶ 59. R&R moved for summary judgment on a qualified-nuisance theory.

{¶10} As with any negligence claim, the first issue is whether the Defendants owed R&R a duty. *See Strother v. Hutchinson*, 67 Ohio St.2d 282, 423 N.E.2d 467 (1981); *see also Wheatley v. Marietta College*, 2016-Ohio-949, 48 N.E.3d 587, ¶ 54 (4th Dist.) ("Duty is a threshold question in a negligence case. If there is no duty, then no legal liability can arise on account of negligence."). Whether a duty exists is a question of law. *See Mussivand v. David*, 45 Ohio St.3d 314, 318, 544 N.E.2d 265 (1989).

{¶11} To support its claim that the Defendants owed R&R a duty to prevent and remediate landslide damage, R&R relies on *Heckert v. Patrick*, 15 Ohio St.3d 402, 404, 473 N.E.2d 1204 (1984). In *Heckert*, the court faced the issue of whether a private landowner could be held liable to a motorist injured on a public highway by a falling tree limb. The court began by recognizing a distinction in Ohio law between "passive use" and "active use" of land and stated that "[a] passive use includes the use and enjoyment of the natural growth on the land." *Id.* at 404. The court set forth the general rule that "[n]either a possessor of land, nor a vendor, lessor, or other transferor, is liable for physical harm caused to others outside of the land by a natural condition of the land." *Id.*, quoting 2 Restatement of the Law 2d, Torts, Section 363(1) (1965). The court noted that an exception to this general rule of nonliability for natural conditions on real property exists for "[a] possessor of land in

an urban area [who] is subject to liability to persons using a public highway for physical harm resulting from his failure to exercise reasonable care to prevent an unreasonable risk of harm arising from the condition of trees on the land near the highway." 2 Restatement of the Law 2d, Torts, Section 363(2) (1965).

{¶12} The *Heckert* court then addressed whether this exception should apply to rural landowners, such as the defendant in the case before it. The court found that "[i]f the danger is apparent to the rural property owner, he must take precautions to protect the traveling public." *Heckert* at 405. The court ultimately determined that the rural property owner had no actual or constructive notice of the defective condition of the tree limb and, therefore, owed no duty.

{¶13} According to R&R, *Heckert's* holding imposing a duty on landowners with regard to a dangerous tree on their property, should be extended to a landslide occurring between two adjoining landowners. For this proposition, R&R relies on *Woods v. Blodgett*, 6th Dist. Erie No. E-85-35, 1997 Ohio App. LEXIS 6800 (May 16, 1986). In *Woods*, the court considered whether a property owner could be held liable after a tree limb fell on an adjoining property owner's car, causing damage. After reasoning that *Heckert* represented a "move toward introducing general tort theories of liability into the sphere of adjoining landowner liability," the *Woods* court held that "a landowner in an urban area has a duty to exercise reasonable care to prevent an unreasonable risk of harm to adjoining neighbors from decaying, defective or unsound trees of which such landowner has actual or constructive notice." *Id.*; *see Jackson v. Ervin*, 8th Dist. Cuyahoga No. 68842, 1995 Ohio App. LEXIS 5099, *6 (Nov. 16, 1995); *Estate of Durham v. City of Amherst*, 51 Ohio App.3d 106, 554 N.E.2d 945, 949 (9th Dist.1988).

6

{¶14} R&R also relies on a federal appellate decision, *Norfolk-Southern Railway Co. v. City of Pittsburgh*, 235 Fed.Appx. 907 (3d Cir.2007). In *Norfolk*, the plaintiff railway company sought a preliminary injunction to require the city of Pittsburgh to take immediate action to prevent landslides on its property, which had been causing and would continue to cause damage to the plaintiff's railroad tracks and to the plaintiff's employees. In granting the preliminary injunction, the court relied on Pennsylvania law in determining that the city of Pittsburgh had a general duty to maintain its property so as to not injure adjoining landowners.

{¶15} In arguing that no duty exists, the Defendants rely on the general rule in 2 Restatement of the Law 2d, Torts, Section 363(1) (1965) ("Section 363"), as cited in *Heckert*, that a property owner cannot be held liable to others outside the land for damage caused by a natural condition of the property. The Defendants also rely on an Ohio appellate decision, *Rababy v. Metter*, 2015-Ohio-1449, 30 N.E.3d 1018 (8th Dist.). In *Rababy*, the plaintiff had sustained damages to his home and car from a tree on his neighbor-defendant's property. The Eighth District assumed, without deciding, that the defendant had a duty to protect neighbors from a dangerous condition, such as an unsound tree, but that the defendant had no notice that the tree was unsound. Moreover, the court determined that the plaintiff's remedy was self-help, i.e., to trim the trees back to the property line. *Id.* at ¶ 20.

{¶16} Reading together *Heckert*, *Woods*, and *Rababy*, as well as the other cases cited above, courts appear to be moving away from a strict application of Section 363. It should be noted that the Restatement Third of Torts has abolished Section 363. The Third Restatement now provides that "[f]or natural conditions on land that pose a risk of physical harm to persons or property not on the land, the

possessor of the land (1) has a duty of reasonable care if the land is commercial; otherwise (2) has a duty of reasonable care only if the possessor knows of the risk or if the risk is obvious." 3 Restatement 3d of the Law, Tort, Liability for Physical and Emotional Harm, Section 54(b) (2012). The comments to the Third Restatement also acknowledge that "a trend exists toward expansion of the duties of land possessors to a general duty of reasonable care with regard to natural conditions." *Id.* at Comment c.

{¶17} Nevertheless, this court is bound by the analysis in *Heckert.* *Heckert* recognized the difference between a property owner's "passive" and "active" use of land and relied on Section 363. In the absence of any indication from the Ohio Supreme Court that Section 363 is not the law in Ohio, this court must follow it. *See In re Schott*, 16 Ohio App.2d 72, 75, 241 N.E.2d 773 (1st Dist.1968) (holding that an Ohio court of appeals is bound by the Ohio Supreme Court). Therefore, we hold that a private landowner does not owe a duty to another private landowner to repair damage from a landslide or to prevent future landslides, when the landslide is the result of a natural condition of the property.

{¶18} Our holding has been adopted outside Ohio. While not explicitly adopting Section 363, a Washington court limited the duty of landowners to prevent landslides "where the possessor of land has actual or constructive notice of a hazard produced by an alteration to the natural condition of the land." *Price v. Seattle*, 106 Wn.App. 647, 24 P.3d 1098 (2001). In *Price*, a group of residents sued the city of Seattle after their homes were damaged by landslides originating on city-owned property. The court held that because the residents could not show that the city had altered the property to be "unnaturally vulnerable to the natural forces at work[,]"

the residents could not establish the duty element on their negligence claim. *Compare Sprecher v. Adamson Cos.*, 30 Cal.3d 358, 178 Cal.Rptr. 783, 636 P.2d 1121 (1981) (in determining whether any duty was owed with regard to a landslide caused by natural conditions, the court rejected the distinction in the Second Restatement between artificial and natural conditions and instead adopted a general test of whether the landowner acted reasonably under all the circumstances).

{¶19} Moreover, adopting a different approach would negate Ohio law on surface-water disputes. In Ohio, courts apply a reasonable-use rule, which means that a property owner may interfere with the natural flow of surface water, but will "incur[] liability only when his harmful interference with the flow of surface water is unreasonable." *McGlashan v. Spade Rockledge Terrace Condo Dev. Corp.*, 62 Ohio St.2d 55, 60, 402 N.E.2d 1196 (1980). The reasonable-use rule presupposes that an uphill property owner who does nothing to interfere with the natural flow of surface water will not be liable to the downhill property owner unless the uphill property owner interferes with the flow of the surface water.

{¶20} The parties do not dispute that the landslides in this case resulted from a natural movement of soil and other debris. Thus, the Defendants do not owe a duty to R&R to repair damage from landslides or to prevent future landslides. Because no duty exists on the part of the Defendants with respect to the landslides, we overrule R&R's second assignment of error.

### R&R's Trespass Claim

{¶21} In its first assignment of error, R&R argues that the trial court erred in denying summary judgment in its favor on the trespass claim and in granting summary judgment to the Defendants.

9

{¶22} Under Ohio law, a trespass occurs "when a person, without authority or privilege, physically invades or unlawfully enters the private premises of another whereby damages directly ensue." *Little Hocking Water Assn. v. E.I. du Pont de Nemours & Co.*, 91 F.Supp.3d 940, 978 (S.D.Ohio 2015), quoting *Apel v. Katz*, 83 Ohio St.3d 11, 19, 697 N.E.2d 600 (1998); *see Brown v. Cty. Commrs.*, 87 Ohio App.3d 704, 716, 622 N.E.2d 1153 (4th Dist.1993) (defining trespass as "(1) an unauthorized intentional act, and (2) entry upon land in the possession of another").

{¶23} R&R argues that the trial court erred in determining that a trespass requires an intentional act. R&R asserts that landslides are trespasses and relies on a case from this court that recognized that a landslide can constitute a trespass. *See Davis v. Allen*, 1st Dist. Hamilton Nos. C-010165, C-010202 and C-010260, 2002 Ohio App. LEXIS 158 (Jan. 18, 2002). In *Davis*, this court determined that the defendants' failure to remedy a landslide problem constituted a continuing trespass. However, one of the defendants in *Davis* had contributed to the landslides by dumping fill dirt on the property. In contrast, the landslides here are a natural occurrence. We decline to write a new rule that landslides constitute a per se trespass.

{¶24} R&R also argues that the trial court erred by concluding that the Defendants had no duty to remove their dirt and debris or to prevent future landslides. In this regard, R&R's argument is no different from the argument it made in its second assignment of error with regard to its nuisance claim. *See Price*, 106 Wn.App. at 660, 24 P.3d 1098 (holding that plaintiffs' trespass claim based upon a failure to act was no different from their negligence claim).

{¶25} Because R&R cannot show a duty exists under Ohio law, it cannot succeed on a trespass theory of liability. We overrule R&R's first assignment of error.

## *Conclusion*

{¶26} In conclusion, because the Defendants did not owe any duty to R&R with respect to the landslide where the landslide occurred naturally, R&R cannot succeed on its nuisance and trespass claims. Therefore, the trial court correctly granted summary judgment to the Defendants on R&R's claims for nuisance and trespass. The judgment of the trial court is affirmed.

Judgment affirmed.

DEWINE and MOCK, JJ., concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.